```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

-----------------------------------x
                                   :
SYLVESTER TRAYLOR,                 :
                                   :
            Plaintiff,             :
                                   :
v.                                 :   Civil No. 3:11cv0132(AWT)
                                   :
BASSAM AWWA, CONNECTICUT           :
BEHAVIORAL HEALTH ASSOCIATES, P.C.,:
DONALD LEONE, ROBERT KNOWLES AND   :
NEIL KNOWLES ON BEHALF OF ADVANCED :
TELEMESSAGING, INC., RICHARD       :
BLUMENTHAL, CITY OF NEW LONDON,    :
JOSEPH D'ALESIO, MICHAEL L. REGAN, :
LAWRENCE J. TYTLA, PHILIP FAZZINO, :
ROBERT GALVIN, and CONNECTICUT     :
MEDICAL INSURANCE COMPANY          :
                                   :
            Defendants.            :
                                   :
-----------------------------------x
```

**RULING ON MOTIONS FOR SUMMARY JUDGMENT**

In the Third Amended Complaint (Doc. No. 230) ("Complaint"), which is the operative complaint, pro se plaintiff Sylvester Traylor ("Traylor") asserts numerous claims against defendants Connecticut Medical Insurance Company ("CMIC") and Attorney Donald E. Leone, Jr. ("Leone") related to the suicide of Traylor's wife, the late Mrs. Roberta Mae Traylor, in 2004. Count Eleven of the Complaint remains pending against Leone, and Counts Eleven and Fifteen remain pending against CMIC.  Count Eleven alleges that the defendants, including CMIC and Leone, spoliated medical and telephone record evidence related to a

1

suit that Traylor had brought against the late Mrs. Traylor's doctor, among others.  Count Fifteen alleges that CMIC violated the Connecticut Unfair Trade Practices Act as a result of its alleged actions set forth in Count Eleven and CMIC's practice of hiring lawyers who will defend cases where an insurer plans to destroy evidence.

Leone and CMIC have each moved for summary judgment.  For the reasons set forth below, their respective motions are being granted.

## I. Factual Background

In the Complaint, the plaintiff contends that his rights have been violated in connection with the death of his wife and the underlying lawsuits he had filed against her treating physician, among others. Traylor alleges that prior to his wife's death on March 1, 2004, she was a patient of Dr. Bassam Awwa ("Dr. Awwa") and his practice group, Connecticut Behavioral Health Associates ("CBHA").

Traylor has filed a number of lawsuits against various defendants arising out of his wife's death. Among these lawsuits was a medical malpractice action against Dr. Awwa and CBHA commenced in 2006, which the Connecticut Superior Court ultimately dismissed (the "Underlying Action").  See Traylor v. Awwa, Docket No. KNL-CV-06-5001159S, 2011 WL 1025029 (Conn.

Super. Ct. Feb. 15, 2011). CMIC insured Awwa and CBHA, who were represented in the Underlying Action by Leone.

## II. Legal Standard

A motion for summary judgment may not be granted unless the court determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the moving party as a matter of law. Fed. R. Civ. P. 56(a). See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Gallo v. Prudential Residential Servs., 22 F.3d 1219, 1223 (2d Cir. 1994). When ruling on a motion for summary judgment, the court may not try issues of fact, but must leave those issues to the jury. See, e.g., Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Donahue v. Windsor Locks Bd. of Fire Comm'rs, 834 F.2d 54, 58 (2d Cir. 1987). Thus, the trial court's task is "carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined . . . to issue-finding; it does not extend to issue-resolution." Gallo, 22 F.3d at 1224.

Summary judgment is inappropriate only if the issue to be resolved is both genuine and related to a material fact. Therefore, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. An issue is

"genuine . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248 (internal quotation marks omitted). A material fact is one that would "affect the outcome of the suit under the governing law." Anderson, 477 U.S. at 248. Only those facts that must be decided in order to resolve a claim or defense will prevent summary judgment from being granted. Immaterial or minor facts will not prevent summary judgment. See Howard v. Gleason Corp., 901 F.2d 1154, 1159 (2d Cir. 1990).

When reviewing the evidence on a motion for summary judgment, the court must "assess the record in the light most favorable to the non-movant and . . . draw all reasonable inferences in its favor." Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000) (quoting Delaware & Hudson Ry. Co. v. Consolidated Rail Corp., 902 F.2d 174, 177 (2d Cir. 1990)). However, the inferences drawn in favor of the nonmovant must be supported by evidence. "[M]ere speculation and conjecture" is insufficient to defeat a motion for summary judgment. Stern v. Trustees of Columbia University, 131 F.3d 305, 315 (2d Cir. 1997) (quoting Western World Ins. Co. v. Stack Oil, Inc., 922 F.2d 118, 121 (2d. Cir. 1990)). Moreover, the "mere existence of a scintilla of evidence in support of the [nonmovant's] position" will be insufficient; there must be evidence on which a jury

4

could "reasonably find" for the nonmovant. Anderson, 477 U.S. at 252.

Where one party is proceeding pro se, the court construes the pro se party's papers "liberally and interpret[s] them" to assert the most viable arguments suggested therein. McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (citation omitted). Despite this liberal interpretation, however, an unsupported assertion or allegation in a pleading or memorandum cannot overcome a properly supported motion for summary judgment. See Carey v. Crescenzi, 923 F.2d 18, 21 (2d Cir. 1991).

**III. Discussion**

    **A.   Count Eleven: Spoliation of Evidence**

In Count Eleven, Traylor claims that the defendants in this action, including Leone and CMIC, spoliated the late Mrs. Traylor's telephone and medical records, and that Traylor was prejudiced by the spoliation.

To prove a claim for spoliation of evidence, the plaintiff must establish the following elements:

> (1) the defendant's knowledge of a pending or impending civil action involving the plaintiff; (2) the defendant's destruction of evidence; (3) in bad faith, that is, with intent to deprive the plaintiff of his cause of action; (4) the plaintiff's inability to establish a prima facie case without the spoliated evidence; and (5) damages."

Rizzuto v. Davidson Ladders, Inc., 280 Conn. 225, 244-45 (2006). CMIC and Leone contend that summary judgment should be granted

5

as to Count Eleven because Traylor has offered no evidence that either of Leone or CMIC destroyed the late Mrs. Traylor's medical or telephone records, or was in any way involved in their destruction, or that such evidence was destroyed at all.

Construing Traylor's papers liberally, Traylor contends that Leone and CMIC's motions for summary judgment should be denied because they are actually untimely motions for reconsideration of the court's rulings on Leone and CMIC's motions to dismiss, in which the court ruled that

> Applying the less stringent standards applied to a pro se complaint and interpreting the plaintiff's complaint to raise the strongest arguments it suggests, the court finds that the plaintiff has alleged facts that could establish the five elements of intentional spoliation . . . .

(Ruling on Motion to Dismiss (as to CMIC) (Doc. No. 221) at 13; Ruling on Motion to Dismiss (as to Leone) (Doc. No. 225) at 9-10.)

Traylor argues that the court's denial of Leone's and CMIC's motions to dismiss as to Count Eleven forecloses the defendants' arguments in the instant summary judgment motions.[1] (See Plaintiff's Objection (Doc. No. 402) at 1, 2-4, 8-9.)

---

[1] Traylor uses the terms "res judicata" and "collateral estoppel" in his objection, but these legal doctrines do not apply in this context. See TechnoMarine SA v. Giftports, Inc., 758 F.3d 493, 499 (2d Cir. 2014) ("Under the doctrine of res judicata, or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."); 49 WB,

6

Traylor does not acknowledge the distinction between a motion to dismiss and a motion for summary judgment. To survive a motion to dismiss, a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 550, 570 (2007). "The function of a motion to dismiss is 'merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" Mytych v. May Dept. Store Co., 34 F. Supp. 2d 130, 131 (D. Conn. 1999), quoting Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). In contrast, as explained in section II above, a court will grant a motion for summary judgment if it determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the moving party as a matter of law. Fed. R. Civ. P. 56(a). See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Gallo v. Prudential Residential Servs., 22 F.3d 1219, 1223 (2d Cir. 1994). Because the standards for a motion to dismiss and a motion for summary

---

LLC v. Vill. of Haverstraw, 511 F. App'x 33, 34 (2d Cir. 2013) ("Collateral estoppel is permissible as to a given issue if (1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits.") (quoting Bear, Stearns & Co. v. 1109580 Ontario, Inc., 409 F.3d 87, 91 (2d Cir. 2005)).

judgment are different, the court's denial of Leone and CMIC's motions to dismiss with regard to Count Eleven does not mean their motions for summary judgment on the same Count should also be denied.

Traylor also contends that there are genuine issues of material fact to be tried as to whether CMIC and Leone destroyed the late Mrs. Traylor's telephone and medical records. (See Plaintiff's Objection at 1; Plaintiff's Memorandum of Law in Objection (Doc. No. 402-1) at 2, 5-6.) The only evidence that Traylor has offered that there was spoliation in the Underlying Action is an excerpt of a transcript of a July 28, 2008 motion hearing in the Underlying Action. Traylor argues that the following is evidence that Leone "openly admitted in open court to the spoliation of evidence." (Plaintiff's Memorandum of Law in Objection at 2.)

> MR. LEONE: I'm only obligated and I've done what I can to produce that which he has asked. If I'm told by the company and by the client that they don't have them, they destroy them, they're not available, I don't know what else I can do, your Honor.
>
> THE COURT: Yeah. No, I'm shocked and it's just -- and I have nothing to base it on, I just always -- I assumed they kept everything.

(Transcript of Motion Hearing, DOCKET NO. CV06-50011, July 28, 2008 (Doc. No. 392, Ex. 3) ("Leone Transcript") at 27.) Traylor's argument is unavailing.

Leone's statements were made during a hearing in the Underlying Action about a motion for sanctions for failure to comply with a discovery order.  During that hearing, Leone explained why he had not produced, among other things, telephone log records for Dr. Awwa's cell phone and telephone answering service.  Regarding Dr. Awwa's answering service records, Leone stated that he had sought the records, but they were no longer available from the answering service.  It is clear from the transcript, if not from the quote above, that the entity that did not have or had destroyed the answering service records is the answering service for Dr. Awwa, not CMIC.[2]  (See Leone Transcript at 25-28.)  Leone's statement that Dr. Awwa's answering service provider did not retain Dr. Awwa's service records is not an admission that he or any other defendant destroyed those records.  Traylor does not offer any further evidence that any relevant records were spoliated.

As to CMIC, even if the court were to credit Traylor's argument that the transcript is evidence that Dr. Awwa or CBHA spoliated evidence in the Underlying Action, Traylor has offered no evidence that CMIC was in any way involved with any such

---

[2] The transcript read in context shows that "the company" does not refer to CMIC.  For example, after this statement, Leone and the court discuss the possibility of subpoenaing the records, and the court asks Leone "do we know what company it is?" and Leone responds "I can certainly find out . . . ."  (Leone Transcript at 27-28.)

9

spoliation of evidence. Traylor states in his affidavit that he will call an employee of CMIC who stated: "Even if we did know about the spoliation of your wife's medical records [during] a legal proceeding, [s]o [w]hat?" Traylor does not identify the CMIC employee who made this statement. However, drawing all reasonable inferences in favor of the plaintiff, the claimed admission by a CMIC employee falls well short of an admission that CMIC destroyed evidence, as opposed to learned that it had been destroyed, and thus cannot create a genuine issue of material fact with respect to the second and third elements of his claim for spoliation.

Leone and CMIC also contend that Traylor's claim for spoliation of the telephone and medical records fails because Traylor would not have prevailed in the Underlying Action even if the telephone and medical records had been available to him. The court agrees.

> To establish proximate causation, the plaintiff must prove that the defendants' intentional, bad faith destruction of evidence rendered the plaintiff unable to establish a prima facie case in the underlying litigation. Once the plaintiff satisfies this burden, there arises a rebuttable presumption that but for the fact of the spoliation of evidence the plaintiff would have recovered in the pending or potential litigation . . . . The defendant may rebut this presumption by producing evidence showing that the plaintiff would not have prevailed in the underlying action even if the lost or destroyed evidence had been available.

10

Rizzuto v. Davidson Ladders, Inc., 280 Conn. 225, 246-48 (2006) (internal citations and quotation marks omitted).

Here, the defendants have produced evidence demonstrating that Traylor would not have prevailed in the Underlying Action even if the lost or destroyed evidence had been available. Traylor was unsuccessful with his medical malpractice and wrongful death claims in the Underlying Action because "the plaintiffs' original complaint dated June 1, 2006, did not have attached to it the opinion of a similar health care provider regarding medical malpractice as required by § 52-198a of the General Statutes." Traylor v. Awwam, No. CV065001159, 2011 WL 1025029, at *9 (Conn. Super. Ct. Feb. 15, 2011). Thus, it is clear from the Connecticut Superior Court's opinion in the Underlying Action that Traylor's claim was dismissed because he did not comply with Conn. Gen. Stat. § 52-198a. He was not unsuccessful because of an inability to establish a prima facie case due to the spoliation of the medical and telephone records.

Therefore, the court concludes that Leone and CMIC are entitled to summary judgment on Count Eleven.

**B.   Count Fifteen: Connecticut Unfair Trade Practices Act**

In Count Fifteen, Traylor claims that the defendants in this action, including CMIC, violated the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §§ 42-110a et seq. ("CUTPA"). Construing the Complaint liberally, Traylor contends

11

that CMIC violated CUTPA by spoliating evidence, as discussed in section III.A. above. He also contends that CMIC violated CUTPA by hiring law firms who would defend cases where an insurer planned to destroy evidence, and by hiring Leone's firm because it had destroyed evidence in prior cases, all in violation of the Connecticut Unfair Insurance Practices Act ("CUIPA"), Conn. Gen. Stat. § 38a-815 et seq., which prohibits unfair or deceptive acts in the business of insurance.[3] (See Complaint at ¶¶ 304-311.)

CUTPA prohibits "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Conn. Gen. Stat. § 42-110b. The factors to be weighed to determine whether a practice is unfair under CUTPA are:

> (1) Whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise-whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [(competitors or other businessmen)]. A CUTPA plaintiff need not establish all three criteria to demonstrate unfairness. Instead, a practice may be shown to be unfair either because of the degree to

---

[3] Although CUIPA does not provide a private cause of action, a plaintiff may bring a CUTPA claim for an alleged violation of CUIPA. See Exantus v. Metropolitan Property & Cas. Ins. Co., 582 F. Supp. 2d 239, 249 (D. Conn. 2008) ("It is possible . . . to bring a CUIPA claim through the private right of action conferred by CUTPA").

>   which it meets one of the criteria or because to a
>   lesser extent it meets all three. The practice
>   attacked may be actually deceptive or a practice
>   amounting to a violation of public policy. The
>   plaintiff need not show intent to deceive.

Fabri v. United Technologies Int'l, Inc., 387 F.3d 109, 120 (2d Cir. 2004) (internal citations and quotation marks omitted).

CMIC contends that it is entitled to summary judgment on Traylor's CUTPA claim because it is derivative of his spoliation claim. This argument does not address the claim of a CUIPA violation, but, nonetheless, Traylor has not created a genuine issue of material fact with respect to either a spoliation or CUIPA violation. In response, Traylor repeats his argument that CMIC's motion for summary judgment should be considered an untimely motion for reconsideration of the court's denial of CMIC's motion to dismiss Count Fifteen. For the reasons stated in section III.A. above, this argument is unavailing.

Taylor contends that there are genuine issues of material fact as to whether CMIC violated CUTPA, quoting large sections of the court's Order on Motion to Dismiss (as to CMIC), in which the court found that Traylor had alleged at least three unfair claim settlement practices defined in CUIPA: "[m]isrepresenting pertinent facts or insurance policy provisions relating to coverages at issue," § 38a-816(6)(A); "refusing to pay claims without conducting a reasonable investigation based upon all available information," § 38a-816(6)(D); and "not attempting in

13

good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear," § 38a-816(6)(F).  (See Plaintiff's Objection at 4-8; Plaintiff's Memorandum of Law at 5-12; Ruling on Motion to Dismiss at 18-21.)

However, Traylor has not offered any evidence that CMIC engaged in any unfair insurance practice related to his case so as to create a genuine issue of material fact with respect to Count Fifteen.  As discussed with respect to Count Eleven, Traylor has not produced evidence that CMIC engaged in spoliation of evidence.  In addition, Traylor has offered no evidence in support of his claim that CMIC engaged in unfair claim settlement practices by seeking out law firms who would defend cases where an insurer planned to destroy evidence, and that CMIC hired Leone's firm because his firm had destroyed evidence in prior cases.

Traylor argues that CUTPA claims are "not suitable for disposition by summary judgment" because the fairness of the trade practice at issue and the intent of the defendant are issues of fact.  (Plaintiff's Objection at 8.)  This argument is without merit.  A court may grant summary judgment on a CUTPA claim where the court determines that there is no genuine issue of material fact to be tried and the facts as to which there is no such issue warrant judgment for the moving party as a matter of law.  See Marinos v. Poirot, 308 Conn. 706, 709 (2013)

14

(affirming summary judgment where the plaintiff had failed to identify any evidence of ascertainable loss); <u>Goldsich v. City of Hartford</u>, 571 F. Supp. 2d 340, 346 (D. Conn. 2008) (granting summary judgment where the plaintiff did not fall within the class of persons that CUTPA intended to protect).

Therefore, the court concludes that CMIC is entitled to summary judgment on Count Fifteen.[4]

## IV. Conclusion

For the reasons set forth above, CMIC's Motion for Summary Judgment (Doc. No. 391) and Leone's Motion for Summary Judgment (Doc. No. 394) are hereby GRANTED. Summary judgment shall enter in favor of CMIC with respect to Counts Eleven and Fifteen and in favor of Leone with respect to Count Eleven.

As there are no pending claims against defendants CMIC and Leone, the Clerk shall terminate CMIC and Leone as defendants.

It is so ordered.

Signed this 25th day of February 2015, at Hartford,

---

[4] Traylor makes two further arguments in opposition to the instant motion. First, he argues that Leone and CMIC have not complied with certain discovery orders that the Connecticut Superior Court Judge entered in the Underlying Action. However, there are no pending motions to compel in this case.

Second, Traylor asserts that the defendants "judge shopped" after Judge Hurley's death. (Plaintiff's Memorandum of Law at 1-2.) To the extent that Traylor is referring to the removal of this case to federal court, the court notes that Traylor's complaint contained various state and federal causes of action against eleven defendants, and this case was properly removed to federal court, where it was randomly assigned.

15

Connecticut.

/s/<br>
Alvin W. Thompson<br>
United States District Judge